FILED
U.S. DIST. COURT
MIDDLE DIST. OF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA** AUG 26   AM 10: 29

| | | |
|---|---|---|
| GILBERT R. JENKINS | § | |
| | § | BY DEPUTY CLERK |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 09-268-JJB-SCR |
| | § | |
| ILLINOIS CENTRAL RAILROAD | § | Judge Brady |
| COMPANY, ET AL. | § | Magistrate Judge Riedlinger |
| | § | |
| Defendants. | § | |

## UNOPPOSED MOTION TO WAIVE COUNSEL AND MEMORANDUM IN SUPPORT

Non-party Trinity Rail Group, LLC ("Trinity") files this Motion to Waive Counsel and

Memorandum in Support and respectfully requests that the Court allow counsel for Trinity to file

its Motion for Entry of Confidentiality Stipulation and Agreed Protective Order without retaining

local counsel.

Turner Industries Group, LLC ("Turner") and Ace American Insurance Company ("Ace

American") served a subpoena issued by the United States District Court for the Northern

District of Texas on non-party Trinity on June 21, 2011, requesting that Trinity produce certain

documents.  Trinity is headquartered in Dallas, Texas, and has retained the law firm of Haynes

and Boone, LLP and the undersigned counsel for the purpose of responding to the subpoena.[1]

In light of confidentiality concerns raised by Trinity relating to the documents responsive

to the subpoena, Turner and Ace American, as well as the other parties to this litigation, have

agreed with Trinity on the terms of a protective order to be entered in the case to preserve the

confidentiality of Trinity's documents.  As noted, Trinity is not a party to this case.  As a non-

party subpoenaed to produce a limited amount of documentary materials, a requirement that

---

[1] *See* Exhibit A (Declaration of Jacqueline K. Shipchandler).

Trinity retain local counsel would be unduly burdensome and would cause hardship to Trinity. Furthermore, the obligations and duties of counsel in this litigation will be fulfilled as required by Local Rule 83.2.7.

Accordingly, Trinity respectfully requests that this Court grant its Motion to Waive Counsel and allow counsel to act for Trinity without retaining local counsel.

Dated August 25, 2011

Respectfully submitted,

David R. McAtee, II
Texas Bar No. 00791213
Jacqueline K. Shipchandler
Texas Bar No. 24002396
Tracy G. Smith
Texas Bar No. 24070645
Haynes and Boone, LLP
2323 Victory Ave, Suite 700
Dallas, TX 75219
(214) 651-5556
ATTORNEYS FOR NON-PARTY,
TRINITY RAIL GROUP, LLC

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for the Parties, and the Parties concur with the filing of this Motion to Waive Counsel.

Jacqueline K. Shipchandler

**UNOPPOSED MOTION TO WAIVE COUNSEL
AND MEMORANDUM IN SUPPORT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via certified mail, return receipt requested and e-mail on August 25, 2011 to the following:

David P. Wilson
Provost Umphrey Law Firm
490 Park Street (77701)
Post Office Box 4905
Beaumont, TX 77704
(409) 835-6000
dwilson@pulf.com
ATTORNEY FOR PLAINTIFF

Charles J. Foret – 05700
Jason R. Garrot – 29202
Briney Foret Corry, LLP
413 Travis Street
Post Office Box 51367
Lafayette, LA 70503
(337) 237-4070
foret@brineyforet.com
garrot@brineyforet.com
ATTORNEY FOR RESCAR, INC.

Thomas E. Balhoff
Judith R. Atkinson
Carlton Jones, III
Roedel, Parsons, Koch, Frost, Balhoff
& McCollister
8440 Jefferson Highway, Suite 301
Baton Rouge, LA 70809
(225) 929-7033
tbalhoff@roedelparsons.com
jatkinson@roedelparsons.com
cjones@roedelparsons.com
ATTORNEY FOR TURNER &
ACE AMERICAN

David S. Kelly
Bradley, Murchison, Kelly & Shea, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
(504) 596-6300
dkelly@bradleyfirm.com
ATTORNEY FOR ILLINOIS CENTRAL
RAILROAD COMPANY

Charles B. Wilmore
Liskow & Lewis, PLC
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 299-6113
cbwilmore@liskow.com

ATTORNEY FOR EXXON MOBIL
CORPORATION

Tracy G. Smith

D-1988008_1.DOC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GILBERT R. JENKINS | § | |
| | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 09-268-JJB-SCR |
| | § | |
| ILLINOIS CENTRAL RAILROAD | § | Judge Brady |
| COMPANY, ET AL. | § | Magistrate Judge Riedlinger |
| | § | |
| Defendants. | § | |

## DECLARATION OF JACQUELINE K. SHIPCHANDLER

1. My name is Jacqueline K. Shipchandler.  I am a member in good standing of the State Bar of Texas.  My Texas Bar Number is 24002396, and I have been licensed since 1997.  I am Of Counsel with the law firm of Haynes and Boone, LLP ("Haynes and Boone") in Dallas, Texas.

2. I submit this Declaration in Support of Trinity Rail Group, LLC's ("Trinity") Motion to Waive Counsel and Memorandum in Support.

3. Trinity is a company headquartered in Dallas, Texas.  Trinity is not a party to the litigation styled *Gilbert Jenkins v. Illinois Central Railroad Company, et al.*, Civil Action No. 09-268, which is currently pending in the United States District Court for the Middle District of Louisiana.

4. On or about June 21, 2011, parties Turner Industries Group, LLC ("Turner") and Ace American Insurance Company ("Ace American") served a subpoena issued by the United States District Court for the Northern District of Texas, requesting that Trinity produce certain documents.

5. Trinity has retained Haynes and Boone to assist it in responding to the subpoena.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 25th day of August 2011, in Dallas, Texas.

Jacqueline K. Shipchandler

D-1988926_1.DOC

**DECLARATION OF JACQUELINE K. SHIPCHANDLER**                                     **Page 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| GILBERT R. JENKINS | § | |
| | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 09-268-JJB-SCR |
| | § | |
| ILLINOIS CENTRAL RAILROAD | § | Judge Brady |
| COMPANY, ET AL. | § | Magistrate Judge Riedlinger |
| | § | |
| Defendants. | § | |

## ORDER GRANTING MOTION TO WAIVE COUNSEL

Came on the Motion to Waive Counsel, and it appearing the motion is proper and well taken, it is

therefore

ORDERED that the Motion to Waive Counsel be granted; and it is

ORDERED that counsel for Trinity Rail Group, LLC ("Trinity") be allowed to act for Trinity with respect to this litigation without retaining local counsel.


_____

JUDGE PRESIDING

D-1988008_1.DOC

**ORDER GRANTING MOTION TO WAIVE COUNSEL**



RECEIVED

AUG 2 6 2011

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

GILBERT R. JENKINS                                §
                                                  §
                                                  §
                  Plaintiff,                      §          CIVIL ACTION NO.
                                                  §
        v.                                        §          09-268-JJB-SCR
                                                  §
ILLINOIS CENTRAL RAILROAD                         §          Judge Brady
COMPANY, ET AL.                                   §          Magistrate Judge Riedlinger
                                                  §
                  Defendants.                     §

### AGREED MOTION FOR ENTRY OF CONFIDENTIALITY STIPULATION AND AGREED PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT

Non-party Trinity Rail Group, LLC ("Trinity") and the parties to this litigation: Gilbert R. Jenkins, Illinois Central Railroad Company, Rescar, Inc., Exxon Mobil Corporation, Turner Industries Group, L.L.C. ("Turner") and Ace American Insurance Company ("Ace American") (collectively, the "Parties"), file this Agreed Motion for Entry of Confidentiality Stipulation and Agreed Protective Order, and respectfully show the Court the following:

Turner and Ace American served a subpoena on non-party Trinity on June 21, 2011, requesting that Trinity produce certain documents. The subpoena calls for production of documents that Trinity considers confidential. Specifically, the subpoena calls for documents that contain information that: (1) is proprietary to or about, or created by Trinity; (2) gives Trinity some competitive business advantage, the opportunity of obtaining such advantage, disclosure of which would be detrimental to the interest of Trinity or a Party, or contains business planning information; (3) is not typically disclosed by Trinity; and/or (4) pertains to past, current and potential transactions engaged in or considered by Trinity or pertains to current, former and prospective clients of Trinity.

**AGREED MOTION FOR ENTRY OF CONFIDENTIALITY STIPULATION
AND AGREED PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT**          Page 1

In light of the confidentiality concerns raised by Trinity, and to facilitate the exchange of confidential or otherwise sensitive documents and information in this matter, Trinity and the Parties have conferred and agreed upon the terms of a Confidentiality Stipulation and Agreed Protective Order. Trinity and the Parties respectfully request that the Court sign and enter their Confidentiality Stipulation and Agreed Protective Order, which is attached as Exhibit "A" and is submitted for the Court's consideration.

Respectfully submitted,

David R. McAtee, II
Texas Bar No. 00791213
Jacqueline K. Shipchandler
Texas Bar No. 24002396
Tracy G. Smith
Texas Bar. No. 24070645
Haynes and Boone, LLP
2323 Victory Ave, Suite 700
Dallas, TX 75219
(214) 651-5556
ATTORNEYS FOR NON-PARTY,
TRINITY RAIL GROUP, LLC

AGREED:

David P. Wilson
Provost Umphrey Law Firm
490 Park Street (77701)
Post Office Box 4905
Beaumont, TX 77704
(409) 835-6000
dwilson@pulf.com
ATTORNEY FOR PLAINTIFF

David S. Kelly
Bradley, Murchison, Kelly & Shea, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
(504) 596-6300
dkelly@bradleyfirm.com
ATTORNEY FOR ILLINOIS CENTRAL
RAILROAD COMPANY

In light of the confidentiality concerns raised by Trinity, and to facilitate the exchange of confidential or otherwise sensitive documents and information in this matter, Trinity and the Parties have conferred and agreed upon the terms of a Confidentiality Stipulation and Agreed Protective Order. Trinity and the Parties respectfully request that the Court sign and enter their Confidentiality Stipulation and Agreed Protective Order, which is attached as Exhibit "A" and is submitted for the Court's consideration.

Respectfully submitted,

David R. McAtee, II
Texas Bar No. 00791213
Jacqueline K. Shipchandler
Texas Bar No. 24002396
Tracy G. Smith
Texas Bar. No. 24070645
Haynes and Boone, LLP
2323 Victory Ave, Suite 700
Dallas, TX 75219
(214) 651-5556
ATTORNEYS FOR NON-PARTY,
TRINITY RAIL GROUP, LLC

**AGREED:**

David P. Wilson
Provost Umphrey Law Firm
490 Park Street (77701)
Post Office Box 4905
Beaumont, TX 77704
(409) 835-6000
dwilson@pulf.com
ATTORNEY FOR PLAINTIFF

David S. Kelly  # 07703
Bradley, Murchison, Kelly & Shea, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
(504) 596-6300
dkelly@bradleyfirm.com
ATTORNEY FOR ILLINOIS CENTRAL
RAILROAD COMPANY

**AGREED MOTION FOR ENTRY OF CONFIDENTIALITY STIPULATION
AND AGREED PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT**                    Page 2

Charles J. Foret – 05700
Jason R. Garrot – 29202
Briney Foret Corry, LLP
413 Travis Street
Post Office Box 51367
Lafayette, LA 70503
(337) 237-4070
foret@brineyforet.com
garrot@brineyforet.com
ATTORNEY FOR RESCAR, INC.

Charles B. Wilmore
Liskow & Lewis, PLC
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 299-6113
cbwilmore@liskow.com

ATTORNEY FOR EXXONMOBIL
CORPORATION

Thomas E. Balhoff
Judith R. Atkinson
Carlton Jones, III
Roedel, Parsons, Koch, Frost, Balhoff
& McCollister
8440 Jefferson Highway, Suite 301
Baton Rouge, LA 70809
(225) 929-7033
tbalhoff@roedelparsons.com
jatkinson@roedelparsons.com
cjones@roedelparsons.com
ATTORNEY FOR TURNER & ACE
AMERICAN

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for the Parties, and the Parties concur with the filing of this Agreed Motion for Entry of Confidentiality Stipulation and Agreed Protective Order.

Jacqueline K. Shipchandler

Charles J. Foret – 05700
Jason R. Garrot – 29202
Briney Foret Corry, LLP
413 Travis Street
Post Office Box 51367
Lafayette, LA 70503
(337) 237-4070
foret@brineyforet.com
garrot@brineyforet.com
ATTORNEY FOR RESCAR, INC.

*Thomas E. Balhoff*
Thomas E. Balhoff
Judith R. Atkinson
Carlton Jones, III
Roedel, Parsons, Koch, Frost, Balhoff
& McCollister
8440 Jefferson Highway, Suite 301
Baton Rouge, LA  70809
(225) 929-7033
tbalhoff@roedelparsons.com
jatkinson@roedelparsons.com
cjones@roedelparsons.com
ATTORNEY FOR TURNER & ACE
AMERICAN

Charles B. Wilmore
Liskow & Lewis, PLC
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 299-6113
cbwilmore@liskow.com

ATTORNEY FOR EXXONMOBIL
CORPORATION

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for the Parties, and the Parties concur with the filing of this Agreed Motion for Entry of Confidentiality Stipulation and Agreed Protective Order.

Jacqueline K. Shipchandler

Charles J. Foret – 05700
Jason R. Garrot – 29202
Briney Foret Corry, LLP
413 Travis Street
Post Office Box 51367
Lafayette, LA 70503
(337) 237-4070
foret@brineyforet.com
garrot@brineyforet.com
ATTORNEY FOR RESCAR, INC.

Charles B. Wilmore
Liskow & Lewis, PLC
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 299-6113
cbwilmore@liskow.com

ATTORNEY FOR EXXONMOBIL
CORPORATION

Thomas E. Balhoff
Judith R. Atkinson
Carlton Jones, III
Roedel, Parsons, Koch, Frost, Balhoff
& McCollister
8440 Jefferson Highway, Suite 301
Baton Rouge, LA 70809
(225) 929-7033
tbalhoff@roedelparsons.com
jatkinson@roedelparsons.com
cjones@roedelparsons.com
ATTORNEY FOR TURNER & ACE
AMERICAN

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for the Parties, and the Parties concur with the filing of this Agreed Motion for Entry of Confidentiality Stipulation and Agreed Protective Order.

Jacqueline K. Shipchandler

AGREED MOTION FOR ENTRY OF CONFIDENTIALITY STIPULATION
AND AGREED PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT                    Page 3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 25, 2011 to the following:

David P. Wilson
Provost Umphrey Law Firm
490 Park Street (77701)
Post Office Box 4905
Beaumont, TX 77704
(409) 835-6000
dwilson@pulf.com
ATTORNEY FOR PLAINTIFF

Charles J. Foret – 05700
Jason R. Garrot – 29202
Briney Foret Corry, LLP
413 Travis Street
Post Office Box 51367
Lafayette, LA 70503
(337) 237-4070
foret@brineyforet.com
garrot@brineyforet.com
ATTORNEY FOR RESCAR, INC.

Thomas E. Balhoff
Judith R. Atkinson
Carlton Jones, III
Roedel, Parsons, Koch, Frost, Balhoff
& McCollister
8440 Jefferson Highway, Suite 301
Baton Rouge, LA 70809
(225) 929-7033
tbalhoff@roedelparsons.com
jatkinson@roedelparsons.com
cjones@roedelparsons.com
ATTORNEY FOR TURNER & ACE
AMERICAN

David S. Kelly
Bradley, Murchison, Kelly & Shea, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
(504) 596-6300
dkelly@bradleyfirm.com
ATTORNEY FOR ILLINOIS CENTRAL
RAILROAD COMPANY

Charles B. Wilmore
Liskow & Lewis, PLC
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 299-6113
cbwilmore@liskow.com

ATTORNEY FOR EXXON MOBIL
CORPORATION

Tracy G. Smith

D-1988567_1.DOC

**AGREED MOTION FOR ENTRY OF CONFIDENTIALITY STIPULATION
AND AGREED PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT          Page 4**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

GILBERT R. JENKINS  §
§
§
Plaintiff,  §  CIVIL ACTION NO.
§
v.  §  09-268
§
ILLINOIS CENTRAL RAILROAD  §
COMPANY, ET AL.  §
§
Defendants.  §

## CONFIDENTIALITY STIPULATION AND AGREED PROTECTIVE ORDER

Non-party Trinity Rail Group, LLC ("Trinity") and the parties to this litigation: Gilbert R. Jenkins, Illinois Central Railroad Company, Rescar, Inc., Exxon Mobil Corporation, Turner Industries Group, L.L.C. and Ace American Insurance Company (collectively, the "Parties"), enter into and file this Confidentiality Stipulation and Agreed Protective Order ("Order") as follows:

1.   The term "Discovery Material" shall mean all information, tangible items, electronic material and documents produced by Trinity in response to formal discovery or court order in *Gilbert R. Jenkins v. Illinois Central Railroad Company, et al.,* Civil Action No. 09-268, in the United States District Court for the Middle District of Louisiana (the "Lawsuit").

2.   The term "Confidential Trinity Discovery Material" shall refer to all Discovery Material which has been designated in good faith by Trinity as "Confidential." "Confidential Trinity Discovery Material" is defined as information that: (1) is proprietary to or about, or created by Trinity; (2) gives Trinity some competitive business advantage, the opportunity of obtaining such advantage, disclosure of which would be detrimental to the interest of Trinity or any of the Parties, or contains business planning information; or (3) is not typically disclosed by Trinity. "Confidential Trinity Discovery Materials" shall also include information pertaining

to past, current and potential transactions engaged in or considered by Trinity or any information pertaining to current, former and prospective clients of Trinity.

3.    The contents of any such Confidential Trinity Discovery Material shall not be revealed except to persons authorized hereunder and except as so provided.  All Confidential Trinity Discovery Material produced in the Lawsuit shall be used only for the prosecution and/or defense of this action, and any person in possession of Confidential Trinity Discovery Material shall keep those materials in a reasonably secure manner so as to avoid disclosure.

4.    A party who has received Discovery Material (the "Receiving Party") that is designated as "Confidential" and who objects to the designation of any Discovery Material as Confidential Trinity Discovery Material, shall notify counsel for Trinity in writing of its objection.  Trinity and the objecting Receiving Party shall attempt to resolve all objections by agreement.    If any objections cannot be resolved by agreement, the Trinity shall have fourteen (14) days from the time in which the Receiving Party delivers its written objection to notify the Receiving Party of its intent to stand on its Confidential designation.    The Receiving Party shall then have fourteen (14) days to apply to the Court for a determination as to whether the Confidential designation is appropriate.  Until an objection has been resolved by agreement of counsel or by order of the Court, the Discovery Material shall be treated as Confidential Trinity Discovery Material subject to this Order.   The burden of proof in any proceeding regarding whether the designation of any document as "Confidential" is appropriate is at all times on the party designating the document as "Confidential."

5.    No Receiving Party shall disclose, summarize, describe, characterize, or otherwise communicate Confidential Discovery Material except as permitted by this Order. Confidential Discovery Material shall not be disclosed, summarized, described, characterized, or otherwise communicated in any way to anyone except:

    a.      The Court, all Court personnel, all mediators, and all jurors;

b.    Counsel of record in this action, and attorneys, paralegals, and other persons employed or retained by such counsel who are assisting in the conduct of this action;

c.    Employees of the Parties or their Affiliates;

d.    Actual and potential witnesses and deponents (and their counsel);

e.    Experts, consultants and/or litigation support personnel (and employees of such experts or consultants) who are not employees of any party and who are retained or consulted for the purpose of being retained by any party in connection with this action;

f.    Any person who was either an original author or recipient of a document containing or constituting the Confidential Discovery Material.

All persons to whom Confidential Discovery Material is disclosed pursuant to Paragraphs (c)-(g) above shall, prior to disclosure: (i) be advised that the Discovery Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof; and (ii) expressly agree to be bound by the terms of the Order.

6.    All pleadings, including appendices, that attach Confidential Discovery Material as evidence shall be filed with the Court under seal in sealed envelopes marked with the style and number of this action, as well as the date and docket entry number of this Order, and bearing a statement substantially in the following form:

**CONFIDENTIAL**

**FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED _____, 2011 (Doc. No. ____), GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY ORDER OF THE COURT.**

7.    This Order will continue to be binding throughout and after the final disposition of this action.  Within ninety days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, all persons having received Confidential Trinity Discovery Material will either return all such Material and any copies (including summaries and excerpts)

to Trinity's attorney or destroy all such Material and certify such destruction in writing to Trinity's attorney.

8.   Nothing in this Order shall operate to require the production of documents, or other materials and information that are privileged or otherwise protected from discovery.

9.   If any party to this Agreement (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation seeking Confidential Trinity Discovery Material, the Receiving Party shall give written notice to Trinity's counsel of record of such subpoena, demand, or legal process within ten (10) business days of receipt, and shall not produce any Discovery Material, unless Court-ordered, for a period of at least ten (10) business days after providing the required notice to Trinity.   If, within ten business (10) days of receiving such notice, Trinity notifies the Receiving Party that Trinity (i) opposes production of its Confidential Trinity Discovery Material and (ii) is moving to quash and/or modify, or otherwise seeking protection relating to the subpoena, demand or other legal process, the Receiving Party shall not thereafter produce such Confidential Trinity Discovery Material except pursuant to a Court order requiring compliance with the subpoena, demand, or other legal process.

10.  All notices pursuant to this Order shall be in writing and shall be delivered personally, sent by nationally-recognized, overnight courier, sent electronically via email, or mailed by registered or certified mail (return receipt requested), postage prepaid, to counsel identified in the signature blocks below.

11.  The provisions of this Order may be modified upon written agreement of Trinity and the Parties or upon application to the Court for good cause shown.

By signing below, each party and non-party agrees to be bound by the terms and conditions of this Confidentiality Stipulation and Agreed Protective Order.

SIGNED this ____ day of _____, 2011.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

David S. Kelly  # 07703
Bradley, Murchison, Kelly & Shea, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
(504) 596-6300
dkelly@bradleyfirm.com
ATTORNEY FOR ILLINOIS CENTRAL
RAILROAD COMPANY

David P. Wilson
Provost Umphrey Law Firm
490 Park Street (77701)
Post Office Box 4905
Beaumont, TX 77704
(409) 835-6000
dwilson@pulf.com
ATTORNEY FOR PLAINTIFF

Charles J. Foret – 05700
Jason R. Garrot – 29202
Briney Foret Corry, LLP
413 Travis Street
Post Office Box 51367
Lafayette, LA 70503
(337) 237-4070
foret@brineyforet.com
garrot@brineyforet.com
ATTORNEY FOR RESCAR, INC.

Charles B. Wilmore
Liskow & Lewis, PLC
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 299-6113
cbwilmore@liskow.com

ATTORNEY FOR EXXONMOBIL
CORPORATION

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

_____

David P. Wilson
Provost Umphrey Law Firm
490 Park Street (77701)
Post Office Box 4905
Beaumont, TX 77704
(409) 835-6000
dwilson@pulf.com
ATTORNEY FOR PLAINTIFF

_____

David S. Kelly
Bradley, Murchison, Kelly & Shea, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
(504) 596-6300
dkelly@bradleyfirm.com
ATTORNEY FOR ILLINOIS CENTRAL
RAILROAD COMPANY

_____

Charles J. Foret – 05700
Jason R. Garrot -- 29202
Briney Foret Corry, LLP
413 Travis Street
Post Office Box 51367
Lafayette, LA 70503
(337) 237-4070
foret@brineyforet.com
garrot@brineyforet.com
ATTORNEY FOR RESCAR, INC.

_____

Charles B. Wilmore
Liskow & Lewis, PLC
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 299-6113
cbwilmore@liskow.com

ATTORNEY FOR EXXONMOBIL
CORPORATION

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

David P. Wilson
Provost Umphrey Law Firm
490 Park Street (77701)
Post Office Box 4905
Beaumont, TX 77704
(409) 835-6000
dwilson@pulf.com
ATTORNEY FOR PLAINTIFF

David S. Kelly
Bradley, Murchison, Kelly & Shea, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
(504) 596-6300
dkelly@bradleyfirm.com
ATTORNEY FOR ILLINOIS CENTRAL
RAILROAD COMPANY

Charles J. Foret – 05700
Jason R. Garrot – 29202
Briney Foret Corry, LLP
413 Travis Street
Post Office Box 51367
Lafayette, LA 70503
(337) 237-4070
foret@brineyforet.com
garrot@brineyforet.com
ATTORNEY FOR RESCAR, INC.

Charles B. Wilmore
Liskow & Lewis, PLC
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 299-6113
cbwilmore@liskow.com

ATTORNEY FOR EXXONMOBIL
CORPORATION

Thomas E. Balhoff
Judith R. Atkinson
Carlton Jones, III
Roedel, Parsons, Koch, Frost, Balhoff
& McCollister
8440 Jefferson Highway, Suite 301
Baton Rouge, LA  70809
(225) 929-7033
tbalhoff@roedelparsons.com
jatkinson@roedelparsons.com
cjones@roedelparsons.com
ATTORNEY FOR TURNER & ACE
AMERICAN

David R. McAtee, II
Jacqueline K. Shipchandler
Tracy G. Smith
Haynes and Boone, LLP
2323 Victory Ave., Suite 700
Dallas, TX 75219
(214) 651-5556
david.mcatee@haynesboone.com
jacqueline.shipchandler@haynesboone.com
tracy.smith@haynesboone.com

ATTORNEYS FOR NON-PARTY,
TRINITY RAIL GROUP, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**



| | | |
|---|---|---|
| GILBERT R. JENKINS | § | |
| | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 09-268 |
| | § | |
| ILLINOIS CENTRAL RAILROAD | § | |
| COMPANY, ET AL. | § | |
| | § | |
| Defendants. | § | |

## CONFIDENTIALITY STIPULATION AND AGREED PROTECTIVE ORDER

Non-party Trinity Rail Group, LLC ("Trinity") and the parties to this litigation: Gilbert R. Jenkins, Illinois Central Railroad Company, Rescar, Inc., Exxon Mobil Corporation, Turner Industries Group, L.L.C. and Ace American Insurance Company (collectively, the "Parties"), enter into and file this Confidentiality Stipulation and Agreed Protective Order ("Order") as follows:

1. The term "Discovery Material" shall mean all information, tangible items, electronic material and documents produced by Trinity in response to formal discovery or court order in *Gilbert R. Jenkins v. Illinois Central Railroad Company, et al.,* Civil Action No. 09-268, in the United States District Court for the Middle District of Louisiana (the "Lawsuit").

2. The term "Confidential Trinity Discovery Material" shall refer to all Discovery Material which has been designated in good faith by Trinity as "Confidential." "Confidential Trinity Discovery Material" is defined as information that: (1) is proprietary to or about, or created by Trinity; (2) gives Trinity some competitive business advantage, the opportunity of obtaining such advantage, disclosure of which would be detrimental to the interest of Trinity or any of the Parties, or contains business planning information; or (3) is not typically disclosed by Trinity. "Confidential Trinity Discovery Materials" shall also include information pertaining

to past, current and potential transactions engaged in or considered by Trinity or any information pertaining to current, former and prospective clients of Trinity.

3. The contents of any such Confidential Trinity Discovery Material shall not be revealed except to persons authorized hereunder and except as so provided. All Confidential Trinity Discovery Material produced in the Lawsuit shall be used only for the prosecution and/or defense of this action, and any person in possession of Confidential Trinity Discovery Material shall keep those materials in a reasonably secure manner so as to avoid disclosure.

4. A party who has received Discovery Material (the "Receiving Party") that is designated as "Confidential" and who objects to the designation of any Discovery Material as Confidential Trinity Discovery Material, shall notify counsel for Trinity in writing of its objection. Trinity and the objecting Receiving Party shall attempt to resolve all objections by agreement.   If any objections cannot be resolved by agreement, the Trinity shall have fourteen (14) days from the time in which the Receiving Party delivers its written objection to notify the Receiving Party of its intent to stand on its Confidential designation.   The Receiving Party shall then have fourteen (14) days to apply to the Court for a determination as to whether the Confidential designation is appropriate. Until an objection has been resolved by agreement of counsel or by order of the Court, the Discovery Material shall be treated as Confidential Trinity Discovery Material subject to this Order.  The burden of proof in any proceeding regarding whether the designation of any document as "Confidential" is appropriate is at all times on the party designating the document as "Confidential."

5. No Receiving Party shall disclose, summarize, describe, characterize, or otherwise communicate Confidential Discovery Material except as permitted by this Order. Confidential Discovery Material shall not be disclosed, summarized, described, characterized, or otherwise communicated in any way to anyone except:

      a.      The Court, all Court personnel, all mediators, and all jurors;

b. Counsel of record in this action, and attorneys, paralegals, and other persons employed or retained by such counsel who are assisting in the conduct of this action;

c. Employees of the Parties or their Affiliates;

d. Actual and potential witnesses and deponents (and their counsel);

e. Experts, consultants and/or litigation support personnel (and employees of such experts or consultants) who are not employees of any party and who are retained or consulted for the purpose of being retained by any party in connection with this action;

f. Any person who was either an original author or recipient of a document containing or constituting the Confidential Discovery Material.

All persons to whom Confidential Discovery Material is disclosed pursuant to Paragraphs (c)-(g) above shall, prior to disclosure: (i) be advised that the Discovery Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof; and (ii) expressly agree to be bound by the terms of the Order.

6. All pleadings, including appendices, that attach Confidential Discovery Material as evidence shall be filed with the Court under seal in sealed envelopes marked with the style and number of this action, as well as the date and docket entry number of this Order, and bearing a statement substantially in the following form:

**CONFIDENTIAL**

**FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED _____, 2011 (Doc. No. \_\_\_), GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY ORDER OF THE COURT.**

7. This Order will continue to be binding throughout and after the final disposition of this action. Within ninety days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, all persons having received Confidential Trinity Discovery Material will either return all such Material and any copies (including summaries and excerpts)

to Trinity's attorney or destroy all such Material and certify such destruction in writing to Trinity's attorney.

8.  Nothing in this Order shall operate to require the production of documents, or other materials and information that are privileged or otherwise protected from discovery.

9.  If any party to this Agreement (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation seeking Confidential Trinity Discovery Material, the Receiving Party shall give written notice to Trinity's counsel of record of such subpoena, demand, or legal process within ten (10) business days of receipt, and shall not produce any Discovery Material, unless Court-ordered, for a period of at least ten (10) business days after providing the required notice to Trinity.  If, within ten business (10) days of receiving such notice, Trinity notifies the Receiving Party that Trinity (i) opposes production of its Confidential Trinity Discovery Material and (ii) is moving to quash and/or modify, or otherwise seeking protection relating to the subpoena, demand or other legal process, the Receiving Party shall not thereafter produce such Confidential Trinity Discovery Material except pursuant to a Court order requiring compliance with the subpoena, demand, or other legal process.

10.  All notices pursuant to this Order shall be in writing and shall be delivered personally, sent by nationally-recognized, overnight courier, sent electronically via email, or mailed by registered or certified mail (return receipt requested), postage prepaid, to counsel identified in the signature blocks below.

11.  The provisions of this Order may be modified upon written agreement of Trinity and the Parties or upon application to the Court for good cause shown.

By signing below, each party and non-party agrees to be bound by the terms and conditions of this Confidentiality Stipulation and Agreed Protective Order.

SIGNED this ____ day of _____, 2011.

---

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA


David S. Kelly  #  07703
Bradley, Murchison, Kelly & Shea, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA  70163
(504) 596-6300
dkelly@bradleyfirm.com
ATTORNEY FOR ILLINOIS CENTRAL
RAILROAD COMPANY

David P. Wilson
Provost Umphrey Law Firm
490 Park Street (77701)
Post Office Box 4905
Beaumont, TX 77704
(409) 835-6000
dwilson@pulf.com
ATTORNEY FOR PLAINTIFF


Charles J. Foret – 05700
Jason R. Garrot – 29202
Briney Foret Corry, LLP
413 Travis Street
Post Office Box 51367
Lafayette, LA 70503
(337) 237-4070
foret@brineyforet.com
garrot@brineyforet.com
ATTORNEY FOR RESCAR, INC.

Charles B. Wilmore
Liskow & Lewis, PLC
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 299-6113
cbwilmore@liskow.com


ATTORNEY FOR EXXONMOBIL
CORPORATION

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

_____

David P. Wilson
Provost Umphrey Law Firm
490 Park Street (77701)
Post Office Box 4905
Beaumont, TX 77704
(409) 835-6000
dwilson@pulf.com
ATTORNEY FOR PLAINTIFF

_____

David S. Kelly
Bradley, Murchison, Kelly & Shea, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
(504) 596-6300
dkelly@bradleyfirm.com
ATTORNEY FOR ILLINOIS CENTRAL
RAILROAD COMPANY

_____

Charles J. Foret – 05700
Jason R. Garrot – 29202
Briney Foret Corry, LLP
413 Travis Street
Post Office Box 51367
Lafayette, LA 70503
(337) 237-4070
foret@brineyforet.com
garrot@brineyforet.com
ATTORNEY FOR RESCAR, INC.

_____

Charles B. Wilmore
Liskow & Lewis, PLC
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 299-6113
cbwilmore@liskow.com

ATTORNEY FOR EXXONMOBIL
CORPORATION

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

David P. Wilson
Provost Umphrey Law Firm
490 Park Street (77701)
Post Office Box 4905
Beaumont, TX 77704
(409) 835-6000
dwilson@pulf.com
ATTORNEY FOR PLAINTIFF

David S. Kelly
Bradley, Murchison, Kelly & Shea, LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
(504) 596-6300
dkelly@bradleyfirm.com
ATTORNEY FOR ILLINOIS CENTRAL
RAILROAD COMPANY

Charles J. Foret – 05700
Jason R. Garrot – 29202
Briney Foret Corry, LLP
413 Travis Street
Post Office Box 51367
Lafayette, LA 70503
(337) 237-4070
foret@brineyforet.com
garrot@brineyforet.com
ATTORNEY FOR RESCAR, INC.

Charles B. Wilmore
Liskow & Lewis, PLC
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 299-6113
cbwilmore@liskow.com

ATTORNEY FOR EXXONMOBIL
CORPORATION

_Thomas E. Balhoff_ (signature)

Thomas E. Balhoff
Judith R. Atkinson
Carlton Jones, III
Roedel, Parsons, Koch, Frost, Balhoff
& McCollister
8440 Jefferson Highway, Suite 301
Baton Rouge, LA 70809
(225) 929-7033
tbalhoff@roedelparsons.com
jatkinson@roedelparsons.com
cjones@roedelparsons.com
ATTORNEY FOR TURNER & ACE
AMERICAN

_David R. McAtee_ (signature)

David R. McAtee, II
Jacqueline K. Shipchandler
Tracy G. Smith
Haynes and Boone, LLP
2323 Victory Ave., Suite 700
Dallas, TX 75219
(214) 651-5556
david.mcatee@haynesboone.com
jacqueline.shipchandler@haynesboone.com
tracy.smith@haynesboone.com

ATTORNEYS FOR NON-PARTY,
TRINITY RAIL GROUP, LLC

D-198195I_4.DOC